RIVERA, REPRESENTATIVE, ETC., PLAINTIFF AND APPELLEE, *v.* NEGRÓN, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 1, in an Action of Ejectment.

No. 1413.—Decided July 7, 1916.

PRESCRIPTION—OWNERSHIP—POSSESSION—GOOD FAITH.—Pursuant to General Judicial Order of April 7, 1899, and section 1858 of the Revised Civil Code, ownership is not acquired by prescription when before the expiration of the prescription period the possessor knows that the property acquired by him belongs to a person other than his vendor, because the possessor then ceases to hold in good faith.

GOOD FAITH—PRESUMPTION.—Presumption of good faith is *juris tantum* and therefore may be refuted.

The facts are stated in the opinion.

Mr. José Martínez Dávila for the appellant.

Mr. José G. Torres for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The judgment rendered in the court below was based on
an opinion filed by the trial judge which, in so far as per-
tinent to any question we need consider herein, reads as
follows:

"This is a revendicatory action brought by Rafael, Julia and
Antonio Rivera, the last-named being represented by her father, Del-
fín Rivera Meléndez. The plaintiffs seek to recover twenty *cuerdas*
of land in the municipality of Corozal which is described in the com-
plaint by boundaries. This land is composed of one parcel of eleven
*cuerdas* and another of nine *cuerdas* and the two parcels adjoin, both
being recorded in the registry of property. The defendant alleges
that he is in possession of only one property of twenty *cuerdas* in
the ward Cibuco of Corozal, and according to the evidence the prop-
erty is composed of the two parcels of land described in the com-
plaint and claimed by the plaintiffs. The evidence shows that when
he purchased the property the defendant knew that it belonged to
some minors and that since the year 1905 Delfín Rivera and other
persons had been negotiating with the said defendant for the return
of the land in litigation, informing him that the land belonged to
the plaintiffs. The two parcels of land were leased by Delfín Rivera
to Mateo Andreu when his children, the plaintiffs, were all minors.
Rivera went to Morovis where he was sick for some time, and when
he returned to the property he found Jesús Negrón in possession of
it under an ownership title as shown by the oral evidence. Negrón
says that he bought it from Mateo Andreu, but as it has not been
shown that Delfín Rivera had sold this property to the said Andreu
with proper authority, this sale can have no legal effect against the
plaintiffs and the defendant is obliged to return the property to its
owners unless he has acquired it by prescription. Jesús Negrón
pleads prescription in his favor under section 1858 of the Revised
Civil Code and General Judicial Order No. 82 of April 7, 1899.
According to the General Order cited and the Civil Code, Jesús
Negrón has not acquired by prescription the ownership of the prop-
erty of which he is in possession because, as we have held, he had
knowledge before the expiration of the period fixed for prescription
that the property belonged to the plaintiffs * * *. On page 834
of volume 12 of his commentaries on the Civil Code, Manresa says
that a possessor in good faith ceases to be such from the moment
when he has knowledge that the realty acquired by him belongs to
another owner distinct from his vendor. Of course, good faith is

presumed; but it being the case of a presumption *juris tantum* which may be refuted, and in this case it was done satisfactorily, we understand that the defendant is bound to return the property to the plaintiffs who are the only lawful owners thereof."

*       *       *       *       *       *       *

Error is assigned as follows:

"(a) The District Court of San Juan, Section 1, committed error in weighing the evidence in holding that the plaintiffs identified the property sought to be recovered.

"(b) The District Court of San Juan, Section 1, committed error in holding that the defendant-appellant, Jesús Negrón, was a possessor in bad faith and that consequently he could not plead that the action brought by the plaintiffs had prescribed."

An extended analysis of all the evidence in order to show that neither contention can be sustained would serve no useful purpose. We have carefully examined the record and find no such manifest error as to require a reversal.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.